**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEONARD SMITH, on Behalf of Himself and All Others Similarly Situated**<br>945 Central Avenue<br>Dunkirk Park, NY 14048<br><br>       Plaintiff,<br><br>       vs.<br><br>**NEW ENGLAND MOTOR FREIGHT, INC., a Delaware Corporation**<br>c/o Statutory Agent<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215<br><br>       Defendant. | CASE NO. 5:12-CV-518<br><br>JUDGE JOHN R. ADAMS |

**CLASS ACTION COMPLAINT**

**(Jury Demand Endorsed Hereon)**

NATURE OF THE ACTION

1.    Plaintiff, Leonard Smith ("Smith"), brings this action against Defendant, New England Motor Freight, Inc. ("NEMF") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

PARTIES

2.    Smith is and has been a resident of Chautauqua County, New York during all periods relative to this complaint.

3.    NEMF is a for-profit corporation conducting business and hiring employees in the State of Ohio.

4.    Further, NEMF is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

5.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6.    Venue is proper in the Northern District of Ohio because NEMF is subject to personal jurisdiction in this District, maintains a place of business in this District, and makes employment decisions regarding individuals residing in this District.  28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

7.    Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies ("CRAs"), including public record information.

8.    Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by prospective employers and other individuals.

9.    Upon information and belief, NEMF purchases consumer reports from Sterling Infosystems, Inc. ("Sterling") and/or its affiliates regarding job applicants and these reports are used as a basis for taking adverse action against said applicants.

10.    For an in-person applicant, the employer must make a clear and conspicuous disclosure, in writing, to the applicant that a consumer report may be obtained for employment purposes.

11.     Further, this disclosure must be contained in a stand-alone document consisting solely of the disclosure.

12.     Additionally, the employer must, before taking any adverse action based in whole or in part on the report, provide to the consumer a copy of the applicant's report and a summary of the applicant's rights under the FCRA.

13.     NEMF does not provide a clear and conspicuous disclosure and authorization and does not obtain an adequate authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to obtaining these consumer reports for employment purposes.

14.     Further, NEMF does not provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a description of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3).

15.     NEMF's violations of the FCRA have been willful, wanton and reckless in that NEMF knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

16.     NEMF's practice not only violates the FCRA as a matter of law, it exacts serious consequences on job applicants and interstate commerce.  The natural result of NEMF's failures to abide by the conditions, procedures and limitations of the FCRA prejudices consumers' ability to adequately determine whether the information being reported about them is accurate.

## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

17.     On or about October 19, 2011, Smith applied in-person for employment with NEMF.

18.     At no time did NEMF provide Smith with a clear and conspicuous, stand alone

disclosure, notifying Smith that it would obtain a consumer report for employment purposes.

19.     On October 24, 2011, NEMF, without proper authorization from Smith, ordered a consumer report regarding Smith from Sterling, a consumer reporting agency as defined by 15 U.S.C. § 1681a.  On that same date, Sterling provided NEMF with a consumer report which contained erroneous and grossly inaccurate public record data.

20.     Immediately after receiving the subject consumer report, NEMF took adverse action against Smith, opting not to hire him.

21.     After Smith contacted NEMF about his application, he was advised that his employment was denied due to information contained in the consumer report.

22.     Prior to taking adverse action against Smith, NEMF failed to provide Smith with a copy of his consumer report and a summary of his rights under the FCRA.

23.     At all times pertinent hereto, NEMF was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of NEMF.

24.     At all times pertinent hereto, NEMF's conduct, as well as that of its agents, servants, and/or employees, was intentional, willful, and in reckless disregard of federal laws and the rights of Smith and the putative class members.

<u>CLASS ACTION ALLEGATIONS</u>

25.     Smith brings this action as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedures, on behalf of the following Class initially defined below:

> All employees or prospective employees of NEMF who were the subject of a consumer report, which was used by NEMF to make employment decisions during the applicable five (5) year limitation period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency.

26.    Smith also alleges the following sub-classes, of which he is a member:

a)  All consumers who were the subject of a consumer report procured by NEMF for employment purposes after having 'in-person' contact with NEMF, during the five (5) year limitation period established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and to whom NEMF did not provide a clear, conspicuous, and stand-alone disclosure required by 15 U.S.C. § 1681b(b)(2)(A)(i);

b)  All consumers who were the subject of a consumer report procured by NEMF for employment purposes after having 'in-person' contact with NEMF, during the five (5) year limitation period established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and whom did not properly authorize NEMF to procure a consumer report as required by 15 U.S.C. § 1681b(b)(2)(A)(ii);

c)  All consumers who were the subject of a consumer report procured by NEMF for employment purposes after having 'in-person' contact with NEMF, during the five (5) year limitation period established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, against whom NEMF took adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

d)  All consumers who were the subject of a consumer report procured by NEMF for employment purposes after having 'in-person' contact with NEMF, during the five (5) year limitation period established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, against whom NEMF took adverse action based in whole or in part on information contained in the consumer report before providing a description in  writing of the rights of the consumer as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

27.     Upon information and belief, the putative Class exceeds 3,000 members. Information concerning the exact size of the putative Class is within the exclusive possession of NEMF.

28.     The Class members are so numerous that joinder of all members is impracticable.

29.     Smith's claims are typical of the claims of the other Class members as all Class members were similarly affected by NEMF's unlawful conduct in violation of the FCRA.

30.     Smith will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex litigation.  Smith is a member of the Class and all sub-classes, and does not have any interests antagonistic to or in conflict with the members of the Class.  Smith's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

31.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

   a.  Whether NEMF violated 15 U.S.C. § 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

   b.  Whether NEMF obtained a written authorization to procure, or cause to be procured, consumer reports for employment purposes as required by 15 U.S.C. §1681b(b)(2)(A)(ii);

   c.  Whether NEMF provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

   d.  Whether NEMF provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

e.   Whether NEMF knowingly and intentionally acted in conscious disregard of the rights of the consumer.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

33.    Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class.  Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – CLASS CLAIM**
**Failure to Provide a Clear, Conspicuous,**
**and Stand-alone Disclosure 15 U.S.C. § 1681b(b)(2)(A)(i)**

34.    Smith realleges and incorporates by reference all preceding allegations of law and fact.

35.    NEMF willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

36.    Smith and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

37.    Smith and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

38.    In the alternative to the allegations that these violations were willful, Smith and

the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o and Civ.R.23(c)(4).

**COUNT TWO – CLASS CLAIM**
**Failure to Obtain Proper Authorization**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

39.     Smith realleges and incorporates by reference all preceding allegations of law and fact.

40.     NEMF willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing from Smith and the Class members to procure a consumer report for employment purposes.

41.     Smith and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

42.     Smith and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

43.     In the alternative to the allegations that these violations were willful, Smith and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o and Civ.R.23(c)(4).

**COUNT THREE – CLASS CLAIM**
**Failure to Provide Pre-Adverse Action Notice – Copy of Report**
**15 U.S.C. § 1681b(b)(3)(A)(i)**

44.     Smith realleges and incorporates by reference all preceding allegations of law and fact.

45.     NEMF willfully violated 15 U.S.C. §§ 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Smith and the Class

members before taking adverse action that was based in whole or in part on that report.

46.     Smith and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

47.     Smith and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

48.     In the alternative to the allegations that these violations were willful, Smith and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o and Civ.R.23(c)(4).

## COUNT FOUR – CLASS CLAIM
### Failure to Provide Pre-Adverse Action Notice – Summary of Rights
### 15 U.S.C. § 1681b(b)(3)(A)(ii)

49.     Smith realleges and incorporates by reference all preceding allegations of law and fact.

50.     NEMF willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the Summary of Rights required by this section to Smith and the Class members before taking adverse action that was based in whole or in part on a consumer report.

51.     Smith and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

52.     Smith and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

53.     In the alternative to the allegations that these violations were willful, Smith and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o and Civ.R.23(c)(4).

## JURY DEMAND

Smith and the putative class demand a trial by a jury of eight (8) as to all issues presented herein.

/s/ Matthew A. Dooley

**WHEREFORE**, Smith and the putative class respectfully pray for the following relief:

A.  An order certifying the proposed classes herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B.  The creation of a common fund available to provide notice of and remedy NEMF's unlawful conduct;

C.  Statutory and punitive damages for all class claims;

D.  Attorneys' fees, expenses and costs;

E.  Pre-judgment and post-judgment interest as provided by law; and

F.  Such other relief as the Court deems just and proper.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:     /s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
Anthony R. Pecora (0069660)
Dennis M. O'Toole (0003274)
5455 Detroit Road
Sheffield Village, Ohio  44054
Tel:     (440) 930-4001
Fax:     (440) 934-7208
Email: apecora@sheffieldlaw.com
        mdooley@sheffieldlaw.com
        dotoole@sheffieldlaw.com
*Counsel for Leonard Smith and the putative class*