IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **LEONARD SMITH, on Behalf of Himself and All Others Similarly Situated**<br><br>Plaintiff,<br><br>vs.<br><br>**NEW ENGLAND MOTOR FREIGHT, INC.**<br><br>Defendant. | CASE NO. 2:12-CV-03559<br><br>UNITED STATES JUDGE WILLIAM J. MARTINI<br><br>MAGISTRATE JUDGE MARK FALK |

## ORDER

WHEREAS, Plaintiff[1], Leonard Smith, on behalf of himself and the other Class Members and New England Motor Freight, Inc. have filed a Joint Motion for Preliminary Approval of Proposed Class Settlement, Certification of a Class for the Purposes of Settlement, and Approval of Form and Manner of Notice on October 30, 2013 (the "Motion") (D.E. 48), after lengthy arms-length settlement discussion; and

WHEREAS, the Court has received and considered the Motion; and

WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Civil Action and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation of Settlement ("Stipulation") (D.E. 47); and

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement (D.E. 47).

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Civil Action as a class action on behalf of the following Classes:

   - All natural persons residing in the United States who applied for employment with NEMF during the Class Period and about whom NEMF procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with NEMF.

   - All natural persons residing in the United States who applied for employment with NEMF during the Class Period and as a result of NEMF procuring a Consumer Report, were denied employment based in whole or in part on the contents of the Consumer Report.

   If the settlement is not finally approved, Defendant's stipulation to the certification of the class shall be null and void ab initio, and may not be used or relied upon by the Plaintiff for any purpose.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Civil Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiff, Leonard Smith, as the class representative of the Class.

4.  Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Matthew A. Dooley and Anthony R. Pecora as Class Counsel to represent the Class.

5.  The Court hereby preliminarily approves the Motion and terms and conditions set forth therein, subject to further consideration at the Settlement Hearing described below.

6.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Motion, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Motion.

7.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on *May 13* at *10:00* in the Courtroom of the Honorable Mark Falk, United States District Court for the District of New Jersey 50 Walnut Street, Newark, New Jersey 07101 for the following purposes:

    a.  finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

    b.  determining whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

    c.  considering the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Stipulation;

    d.  considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

    e.    considering whether the release by the Settlement Class Members of the Released Claim as set forth in the Stipulation should be provided; and

    f.    ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9. The Parties may further modify the Motion prior to the Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Motion with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class Members.

10. Class Members must file and serve any objections to the proposed settlement no later than sixty (60) days from the date of that the Settlement Administrator mails the Settlement Notice, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11. .

12. The Court approves, as to form and content, the proposed Notices of Class Action Settlement, which are attached as Exhibit A to the Stipulation.

13. Within 30 days of this Order, Class Counsel shall provide to each Class member the Class Notice.

14. The Court finds that the distribution of the Class Notices substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Class Notices and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Motion and this Order under the direction and supervision of the Court.

16. All costs administering the settlement shall by paid from the Settlement Fund, as set forth in the Motion.

17. As provided in the Class Notice, each Class Member shall have the right to exclude himself or herself from the settlement class by mailing a request for exclusion to Class Administrator postmarked no later than sixty (60) days after mailing of the Class Notice. Requests for exclusion must set forth the class member's name and address. At least fourteen (14) days prior to the final approval hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

18. As provided in the Class Notice, each Class Member who does not timely opt out of the class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than sixty (60) days after distribution of the Class Notice, and copies of the objections shall be served on Class Counsel. Failure to timely file and serve written objections will preclude a class member from objecting at the fairness hearing. At least fourteen (14) days prior to the final approval hearing, Class Counsel shall file with the Court a copy of all objections to the settlement.

19. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the Stipulation and Motion, and any application for an award of attorney fees, actual out-of-pocket expenses, and/or a class representative incentive award shall be filed not later than fourteen (14) days before the Settlement Hearing.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Stipulation and the Motion.

IT IS SO ORDERED.

_____
MARK FALK
UNITED STATES MAGISTRATE JUDGE