IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| LEONARD SMITH, on Behalf of Himself and All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>NEW ENGLAND MOTOR FREIGHT, INC.,<br><br>Defendant. | CASE NO. 2:12-cv-03559<br><br>UNITED STATES JUDGE WILLIAM J. MARTINI<br><br>MAGISTRATE JUDGE MARK FALK |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AWARDING ATTORNEY FEES AND EXPENSES, AWARDING INCENTIVE PAYMENT TO NAMED PLAINTIFF AND DISMISSING ACTION**

This matter having come before the Court on March 13, 2014 upon the Plaintiff's and Defendant's Joint Motion for Final Approval of the Class Action Settlement and Certification of the Class for Settlement Purposes (D.E. 53), as well as Plaintiff's Unopposed Motion for an Award of Attorneys Fees, Reimbursement of Expenses and Incentive Award to the Named Plaintiff (D.E. 52), and upon review and consideration of the Stipulation of Settlement dated October 4, 2013, the exhibits to the Stipulation of Settlement (D.E. 47), the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, IT IS HEREBY ORDERED and adjudged as follows:

Pursuant to Fed. R. Civ. P. 23(e), the settlement of this action, as embodied in the terms of the Stipulation of Settlement (D.E. 47), except as modified herein, is hereby finally approved as a fair, reasonable and adequate settlement of this action in light of the factual, legal, practical and procedural considerations raised by this action. The Stipulation of Settlement (D.E. 47),

except as modified herein, is hereby incorporated by reference into this Final Order and Judgment Approving Settlement, Certifying Settlement Class, Awarding Attorney Fees and Expenses, Awarding Incentive Payment to Named Plaintiff and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Stipulation of Settlement (D.E. 47).

## FINAL ORDER AND JUDGMENT

On March 6, 2012, Plaintiff, Leonard Smith ("Smith" or "Class Representative"), filed the above-captioned class action lawsuit (the "Lawsuit") against Defendant, New England Motor Freight, Inc. ("NEMF"). Smith asserted class claims against NEMF under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

NEMF denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, discovery and mediation, Smith and NEMF (collectively, the "Parties") entered into a Stipulation of Settlement (D.E. 47) ("Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.

On October 4, 2013, the Parties filed the Agreement (D.E. 47), which was followed by the filing of their Motion for Preliminary Approval of Class Action Settlement (D.E. 48) ("Preliminary Approval Motion") on October 30, 2013.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, NEMF served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states.

On January 17, 2014, upon consideration of the Parties' Preliminary Approval Motion (D.E. 48) and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (D.E. 50) ("Preliminary Approval Order"). Pursuant to the Preliminary Approval

Order (D.E. 50), the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Smith as the Class Representative; (iv) appointed Mr. Matthew A. Dooley and Mr. Anthony R. Pecora as Class Counsel; and, (v) set the date and time of the Final Fairness Hearing.

On April 29, 2014, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (D.E. 53) ("Final Approval Motion").

On that same date, Plaintiff filed his Motion for an Award of Attorney Fees, Reimbursement of Expenses and Incentive Award to the Named Plaintiff (D.E. 52).

On March 13, 2013 at 10:00 a.m. EST, a Fairness Hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement (D.E. 47), Final Approval Motion (D.E. 53), and record finds as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto (D.E. 39).

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby certified as a class action on behalf of the following classes of plaintiffs with respect to the claims asserted in the Lawsuit:

- **Preliminary Settlement Class:** All natural persons residing in the United States who applied for employment with NEMF during the Class Period and about whom NEMF procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with NEMF.

- **Preliminary Settlement Sub-Class:** All natural persons residing in the United States who applied for employment with NEMF during the Class Period and about whom NEMF procured a Consumer Report, and as a result of NEMF procuring the report, were denied employment in part or in whole because of the report's contents.

3. There are approximately 5,843 Preliminary Class Members and approximately 825 Preliminary Sub-Class Members. Approximately 1,890 Preliminary Class Members and 204 Preliminary Sub-Class Members filed timely and complete claim forms.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies Plaintiff Leonard Smith as the Class Representative, and Mr. Matthew A. Dooley and Mr. Anthony R. Pecora as Class Counsel.

5. Pursuant to the Court's Preliminary Approval Order (D.E. 50), the approved class action notices were mailed to Class Members in conformity with this Court's Preliminary Approval Order (D.E. 50), satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c. The claims of the Class Representative are typical of the claims of the Class Members;

    d. The Class Representative and Class Counsel have fairly and adequately

      represented and protected the interests of all of the Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement (D.E. 47), except as modified herein, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. The Agreement (D.E. 47), which was entered on October 4, 2013, except as modified herein shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

 a. The Settlement Fund of $870,500.00 will be distributed as follows:

  1. **Preliminary Settlement Class (Notice and Authorization Class)** – a pro rata sum not to exceed Three Hundred Thirty-Three Dollars ($333.00), calculated after a deduction from the Settlement Funds has been made for the payment of attorney fees, an Incentive Award, and the cost of notice and administration of the Settlement;

  2. **Preliminary Settlement Sub-Class (Pre-Adverse Action)** – a pro rata sum not to exceed Eight Hundred Dollars ($800.00), calculated after a deduction from the Settlement Funds has been made for the payment of attorney fees, an Incentive Award, and the cost of notice and administration of the Settlement;

 b. From the Settlement Fund, the Court awards 30% of the total settlement fund of $870,500.00 as attorneys' fees and expenses for Class Counsel.

5

    c. Smith shall be awarded $5,000.00.

    d. Remaining sum shall be distributed in the following order: (a) an amount not to exceed Two Hundred Thousand Dollars ($200,000.00) shall be divided equally among the following two *cy pres* beneficiaries: (1) National Consumer Law Center; and (2) Fair Share Housing Center of New Jersey; and (b) if after the initial disbursement to *cy pres* beneficiaries, funds remain, then seventy-five percent (75%) of such funds shall be disbursed back to the entity that funded the Settlement Funds, with the remaining twenty-five percent (25%) distributed equally to the two *cy pres* beneficiaries.

9. The Court approves the Parties' respective *cy pres* beneficiaries and finds that:

    a. Class Counsel's recommendation of the National Consumer Law Center as a *cy pres* beneficiary is consistent with the gravamen of the Litigation.

    b. NEMF's recommendation of the Fair Share Housing Center of New Jersey as a *cy pres* beneficiary is consistent with the gravamen of the Litigation.

10. The Class Members were given an opportunity to object to the settlement. No objections were filed in this case. The opt-out members are excluded from the class and settlement and are not bound by this order. The identity of such persons is set forth in the Opt-Out List filed with this Court (D.E. 51).

11. This order is binding on all Class Members, except those individuals identified in the Opt-Out List (D.E. 51), who validly and timely excluded themselves from the class.

12. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually, as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement (D.E. 47). Pursuant to the release contained in the Agreement (D.E. 47), the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

13. The Lawsuit is hereby dismissed with prejudice in all respects.

14. This order is not, and shall not be construed as, an admission by NEMF of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

DATED: May 27, 2014

_____
JUDGE MARK FALK
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE